IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSHUA LEVI SMITH,  No. 6:20-cv-00960-HZ

        Plaintiff,  OPINION & ORDER

   v.

MARION COUNTY SHERIFF'S
OFFICE, SERGEANT MATT DAVIS,
and DEPUTY FRIEZE

        Defendants.

Joshua Levi Smith
12680963
Eastern Oregon Correctional Institution
2500 Westgate
Pendleton, OR 97801

   Plaintiff Pro Se

John Adams
Curtis M. Glaccum
Jane E. Vetto
Marion County Legal Counsel
555 Court St NE, Ste 5242
PO Box 14500
Salem, OR 97309

   Attorneys for Defendants

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff brings this civil rights action pro se against the Marion County Sheriffs Office, Sergeant Matt Davis, and Deputy Frieze. Currently before the Court is Defendants' Motion for Summary Judgment. For the reasons that follow, the Court GRANTS Defendants' motion.

## BACKGROUND

During the alleged incidents Plaintiff was in the custody of Marion County Jail. Declaration of Matt Davis ¶ 5, ECF 20. On March 31, 2020, Plaintiff was seen by the Marion County Jail's medical provider. Davis Decl. Ex. A. In Plaintiff's "Physical History" note the provider wrote:

> Feet hurt, shoes pressing on proximal joint both great toes. Tried deck shoes but that hurt more. Wears extra wide shoes (his shoes are in his property).

*Id.* She then sent a note that stated "[r]elease personal shoes to patient if possible per provider here." Davis Decl. Ex. B.

Plaintiff submitted an "Inmate Request Form" (also called a "KYTE") requesting his personal shoes from his property. Davis Decl. Ex. C. Defendants responded that Plaintiff could have his personal shoes but that they needed to be velcro. *Id.* Plaintiff's personal shoes had laces; laced shoes are not permitted in Marion County Jail for safety reasons. Davis Decl. ¶ 6. The response stated that Plaintiff's family could provide shoes with velcro or that he could purchase shoes from the commissary. Davis Decl. Ex. C.

Plaintiff sent a second KYTE, again asking for his personal shoes and noting that another adult-in-custody in his unit had personal shoes with laces. Compl. Ex. 3, ECF 2-1. Defendants responded that the "other individual that has shoes with laces has different needs/circumstances I cannot discuss" and reiterated that someone could bring him shoes with velcro or that he could purchase shoes from the commissary. *Id.*

2 – OPINION & ORDER

Plaintiff replied to this response that he did not have a family member that could afford to purchase the shoes and wrote "I was told that the canteen could sell me some—well I am indigent and unless canteen will charge them to my account I won't be able to buy canteen shoes." Davis Decl. Ex. D. Defendant Davis wrote back "[s]hoes have been ordered, your account will be billed." *Id.*

Defendants then ordered Plaintiff shoes with velcro and charged his commissary account $21.89. Davis Decl. Ex. E. Plaintiff was permitted to wear his personal shoes until the velcro shoes arrived. Davis Dec. ¶ 10. Plaintiff signed for the shoes when they arrived. Davis Decl. Ex. E.

Plaintiff filed this action on June 12, 2020. Compl., ECF 1. He alleges violations of the First, Eight, Ninth, and Tenth Amendments of the United States Constitution and brings the action under Section 1983. *Id.* On January 22, 2021, Defendants moved for summary judgment on all claims. Def. Mot., ECF 18. After multiple warnings from the Court Plaintiff failed to respond to the motion and his case was dismissed without prejudice. Order, ECF 24. On September 27, 2021, Plaintiff filed a motion to reopen his case, which the Court granted. Pl. Mot., ECF 26. Plaintiff responded to the motion and it was taken under advisement by the Court on January 26, 2022.

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the

3 – OPINION & ORDER

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Defendants move for summary judgment on all Plaintiff's claims. Defendants argue the First, Ninth, and Tenth Amendments are not applicable to Plaintiff's claims and that he has failed to establish a violation of the Eight Amendment. The Court begins by addressing Plaintiff's claim for inadequate medical care brought under the Eight Amendment and then turns to the remaining claims.

//

//

4 – OPINION & ORDER

I.    **Inadequate Medical Care**

Plaintiff brings a claim under the Eight Amendment for inadequate medical care. He argues Defendants violated his rights when they did not allow him to wear his personal shoes and charged his commissary account for the velcro shoes. He also argues that he was treated unfairly because another adult-in-custody in his unit was permitted to wear his personal shoes.

At time of the alleged violation, Plaintiff was being held as a pretrial detainee.[1] Accordingly, as a pretrial detainee, the Court analyzes his claims for unconstitutional conditions of confinement under the substantive due process clause of the Fourteenth Amendment. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (citations omitted) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.").

The Ninth Circuit has determined that "pretrial detainees alleging that jail officials failed to provide constitutionally adequate medical care" must establishing the following elements:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined [including a decision with respect to medical treatment];
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

---

[1] Although Plaintiff had previously served time in Marion County Jail as a sanction imposed by the Board of Parole and Post-Prison Supervision, at the time of the allege incidents, he was being held as a pretrial detainee facing new criminal charges. Second Declaration of John Adamas ¶ 3, ECF 42; Declaration of Joshua Levi Smith at 1, ECF 40 (stating he was in the Marion County Jail "as a pre-trial detainee and serving a parole sanction.").

5 – OPINION & ORDER

*Sandoval v. Cty. of San Diego*, 985 F.3d 657, 669 (9th Cir.) (citing *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

On the third element, "the plaintiff must show that the defendant's actions were 'objectively unreasonable,' which requires a showing of 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* (citations omitted).

Plaintiff has not satisfied the second or third element of this test. The record shows that Defendants were not indifferent to Plaintiff's medical needs and did not put Plaintiff at risk of "suffering serious harm." *Id.* Once Defendants had notice that the shoes provided by the jail were causing Plaintiff pain, they complied with the medical provider's orders. They allowed Plaintiff to wear his personal shoes, then ordered him shoes that complied with the Jail's safety rules. Once the velcro shoes arrived, they were switched out for his laced shoes. This was a reasonable measure taken by Defendants to abate the health risks to Plaintiff and ensure safety in the jail.

In his response, Plaintiff notes that the velcro shoes were not designated as "medical" shoes on the receipt and alleges that he has taken "high doses" of anti-inflammatory medication to help with the pain in his feet. Pl. Resp. at 2. Even considering these alleged facts, Defendants actions were not "more than negligent." *Sandoval*, 985 F.3d at 669. Plaintiff has not shown for example that he complained of this problem to a medical provider again and that the jail deliberately delayed or denied him further treatment or evaluation. *See Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir.2003) (Defendants are "deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment.") (citation omitted). Plaintiff has not created a genuine dispute of material fact as to whether Defendants acted reasonably or whether he was denied constitutionally adequate medical care.

To the extent Plaintiff claims that money was taken out of his commissary account without due process, his claim fails as a matter of law. Plaintiff contends Defendants took money out of his commissary account to purchase the velcro shoes without his consent. The record shows Plaintiff suggested Defendants charge his commissary account to pay for the shoes and that he did not object when Defendants responded "[s]hoes have been ordered, your account will be billed." Davis Decl. Ex. D. He also signed for the shoes when they arrived. *Id.* Moreover, a prisoner cannot state a constitutional claim for "the deprivation of a property interest caused by the unauthorized negligent or intentional action of a prison official" when "the state provides an adequate post-deprivation remedy." *Cervantes v. Defendant*, No. 2:20-CV-00105-AC, 2020 WL 1531130, at *2 (D. Or. Mar. 31, 2020) (citing *Zinermon v. Burch*, 494 U.S. 113, 129-131 (1990); *Hudson v. Palmer*, 468 U.S. 511, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam)). Oregon provides an adequate post-deprivation remedy through the Oregon Tort Claims Act, Or. Rev. Stat. § 30.260 *et seq*. *See Gutierrez v. Williams*, 505 Fed. App'x 659, 660 (9th Cir. Jan. 17, 2013) (citing Or. Rev. Stat. § 30.260 et seq).

To the extent Plaintiff's complaint is construed as alleging an equal protection violation, the Court grants Defendants summary judgment. "To state an equal protection claim, a plaintiff must demonstrate that the defendant intentionally discriminated against him based on his membership in a protected class or that defendant intentionally treated him differently from similarly situated individuals and that this differential treatment had no rational relationship to a legitimate state purpose." *Hoge v. Larson*, No. 6:20-CV-00678-JR, 2020 WL 4726287, at *2 (D. Or. June 17, 2020) ( citing *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) and *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). For differential treatment to give rise to a claim under 42 U.S.C. § 1983, "one must show intentional or purposeful

7 – OPINION & ORDER

discrimination." *See Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination").

Plaintiff does not offer facts that establish a question of material fact on this claim. He has not established that he was *intentionally* treated differently than the other adult-in-custody who was permitted to wear laced shoes. And, as Defendants' response to Plaintiff's KYTE shows, Defendants had a rational basis for the differential treatment— the individual's unique medical circumstances and instructions from the jail's medical provider. Plaintiff provides no evidence or argument that these reason were pretextual.

## II.     First Amendment Claim

Defendants contend that Plaintiff has not provided any facts to support a cause of action under the First Amendment. In his response to the Motion, and in an exhibit attached to his Complaint, Plaintiff clarifies that he brings a claim for First Amendment retaliation. He contends that he may have been denied his personal shoes in retaliation for another federal action he filed against Marion County Jail.

"Of fundamental import to prisoners are their First Amendment 'right[s] to file prison grievances,' and to 'pursue civil rights litigation in the courts.'" *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (citations omitted).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.
>
> *Id.* (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31

F.3d 813, 815–816 (9th Cir. 1994).

Defendants are entitled to summary judgment on Plaintiff's First Amendment Claim. Assuming the denial of his personal shoes constituted an adverse action, Plaintiff has not alleged or provided any facts showing that the actions chilled the exercise of his First Amendment rights. He also failed to allege or provide evidence that creates a question of fact about whether these actions were taken *because of* his other federal case. To prove retaliatory motive "a plaintiff must show that his protected conduct was 'the substantial or motivating factor behind the defendant's conduct.'" *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). Mere speculation is not enough. While "proximity in time between protected speech and the alleged retaliation" may be presented as circumstantial evidence of motive, this is all Plaintiff has put forward on his retaliation claim. *McCollum v. California Dep't of Corr. & Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011). He has not established that the Defendants in this case were aware of the other suit, that they expressed opposition to that suit, or any other evidence that the adverse action was pretextual. *Id.*

### III.     Remaining Claims

Plaintiff brought claims under the Ninth and Tenth Amendments in his Complaint. The Ninth Amendment to the United States Constitution provides: "The enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. The Ninth Amendment "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation." *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991). "The Ninth Amendment is not a source of rights as such; it is simply a rule about how to read the Constitution." *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996) (quotation omitted). The Tenth Amendment to the United States Constitution concerns

the distribution of power between the federal government and the state government, not individual rights. U.S. Const. amend X. Plaintiff's allegation do not implicate the Ninth and Tenth Amendments. As a result, Defendants are entitled to summary judgment on these claims as a matter of law.

## CONCLUSION

The Court GRANTS Defendants' Motion for Summary Judgment [18]. This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED:___February 25, 2022___.

_____
MARCO A. HERNÁNDEZ
United States District Judge

10 – OPINION & ORDER